FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUL 19 2012  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                             :
HAROLD M. NANCE,                                             :        11-CV-1173 (ARR)
                                                             :
                    Petitioner,                              :        NOT FOR PRINT OR
                                                             :        ELECTRONIC
      -against-                                              :        PUBLICATION
                                                             :
PEGGY HELEY, Director                                        :        OPINION & ORDER
                                                             :
                    Respondent.                              :
------------------------------------------------------------ X

ROSS, United States District Judge:

      Harold Nance petitions this court for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254. Though the grounds raised are difficult to discern, Nance appears to challenge the

effectiveness of his counsel at his state court proceedings and demands the return of $4,600.00

confiscated from his person on date of his arrest on June 20, 2008. For the reasons that follow,

petitioner's application is denied, and the petition is dismissed.

## I. BACKGROUND

      Because petitioner filed the instant petition before he pleaded guilty, the only state court

record available to the court post-dates the date the petition was filed. Assistant District

Attorney Linda Breen, Kings County, filed an affidavit setting forth some of the history of

petitioner's prosecution, from which most of the following background is drawn. See

Affirmation of Linda Breen in Opposition to Petition for a Writ of Habeas Corpus ("Breen

Aff."). According to the prosecution, on June 20, 2008, petitioner, then nearly 70 years old, fell

while getting off a bus at the corner of Avenue H and Utica Avenue in Brooklyn, New York. Id.

at ¶ 4. When a stranger, Frederick Brown, tried to assist petitioner, petitioner swung his walking

cane at Brown and cut Brown's hand with a knife. Id. Upon petitioner's arrest, officers recovered a bloody knife in petitioner's pocket and $4600.00 in cash. Id.

Petitioner was charged with Assault in the First Degree, two counts of Assault in the Second Degree, Assault in the Third Degree and Criminal Possession of a Weapon in the Fourth Degree. Id. at ¶5. Prior to trial, the Supreme Court of New York ordered petitioner to undergo a mental examination pursuant to N.Y.C.P.L. § 730. Id. at ¶ 8. On April 23, 2009, petitioner was found "unfit to proceed" and transferred to the Mid-Hudson Forensic Psychiatric Facility. Id. at ¶ 8. On August 10, 2009, petitioner received a report stating that he had been "Restored to Fitness." Id. at ¶ 9. Petitioner stated his intent to go to trial and was transferred to Rikers Island prison. Id. at ¶ 10. On October 28, 2010, after petitioner exhibited "disruptive, confused or bizarre behavior" in court, a second C.P.L. 730 exam was administered and petitioner was again found mentally unfit to proceed with his prosecution. Id. at ¶ 12.

On December 22, 2010, while living in the Mid-Hudson Psychiatric Facility, petitioner filed the instant habeas petition. While it is difficult to discern, it appears that petitioner raises two related claims: (1) petitioner is entitled to recover $4,600.00 that officers found on plaintiff during his arrest, and (2) petitioner was deprived of his right to retain the counsel of his choice—which he could have afforded to retain had the confiscated money been returned —and that court-appointed counsel was ineffective. See Pet. at 4-5.[1] After filing the petition, however, petitioner's circumstances changed significantly.

On May 13, 2011, petitioner was once again found fit to proceed. Breen Aff. at ¶ 14. On May 16, 2011, petitioner, represented by counsel, pled guilty to Assault in the Second Degree

---

[1] Petitioner originally filed the petition in the Southern District of New York. On March 9, 2011, the matter was transferred to this court. See Transfer Order, Dkt. No. 3. The transfer order incorrectly states that petitioner challenged the constitutionality of his October 28, 2010 conviction. Petitioner, however, did not plead guilty until May 16, 2011, more than five months after the filing of the petition.

2

before Justice Elizabeth Foley, New York Supreme Court, Kings County and admitted to intentionally striking Frederick Brown with his cane. Transcript of Guilty Plea Allocution ("Plea Tr."), annexed as Exhibit 1 to Breen Aff., at 6-7. On May 26, 2011, Justice Foley sentenced petitioner to two years imprisonment and three years post-release supervision.[2] Transcript of Sentencing ("Sentence Tr."), annexed as Exhibit 2 to Breen Aff., at 4.

## II. Discussion

### A. Application for Writ of Habeas Corpus

A federal court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted all available state court remedies. See Aparicio v. Artuz, 269 F.3d 78, 89 (2d Cir 2001) ("If anything is settled in habeas corpus jurisprudence, it is that a federal court may not grant the habeas petition of a state prisoner 'unless it appears that the applicant has exhausted the remedies available in the courts of the State; or that there is either an absence of available State corrective process; or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.'") (quoting 28 U.S.C. § 2254(b)(1)). In order to exhaust those remedies, a petitioner must have "fairly presented" his federal constitutional claim to the state courts by apprising them of "both the factual and the legal premises of the claim he asserts in federal court." Daye v. Attorney Gen., 696 F.2d 186, 191 (2d Cir. 1982) (en banc);. The state court will have notice of the constitutional nature of a claim based on "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." Id. at 194 (citations omitted).

---

[2] Under New York law, a defendant who is declared mentally unfit is entitled to credit for time spent in confinement at a state mental health facility. People v. Pugh, 381 N.Y.S.2d 417, 418 (2d Dep't 1976). From the record before the court, the sentence imposed by Justice Foley amounted to a term of imprisonment of time served.

The court liberally construes the *pro se* petition to challenge his incarceration prior to his guilty plea on the ground that he was deprived of his right to select counsel of his choice as a result of the state's confiscation of $4,600.00 on his person; and, relatedly, that petitioner's appointed counsel was ineffective.  Because petitioner has failed to first seek any relief in state courts on these grounds, he has failed to exhaust his claims.  Petitioner's request for relief is therefore barred from habeas review.[3]

### B. Civil Rights Claim Under 42 U.S.C. § 1983

Petitioner's claim to recover his personal property is not cognizable under habeas review under § 2254, which authorizes relief only for "a person in custody . . . in violation of the Constitution or laws or treaties of the United States."  The court instead liberally construes Nance's petition as bringing a civil rights claim under 42 U.S.C. §1983 that New York City Police Department officials intentionally deprived petitioner of his property in violation of the Due Process Clause.  This claim is on no stronger grounds.  Where a plaintiff alleges an "unauthorized intentional deprivation of property by a state employee, [there is no] violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  "If property is taken by the police . . . and not voluntarily returned to an arrestee, the property owner has two adequate post-deprivation remedies under New York law: a common-law replevin action or, after demand, a proceeding under Article 78 of the [New York Civil Practice Law and Rules]."  Carter v. Kress, No. 83 Civ. 1225, 1985 U.S. Dist. LEXIS

---

[3] In the standard petition form, petitioner lists several actions which supposedly comprise his state court appellate history relating to his incarceration.  Petitioner makes several references to an Appellate Division case with Docket Number 1991-01097, which under the standard naming convention, appears to be a case at least as far back as 1991. The court has found no state court history related to petitioner's incarceration beginning June 20, 2008.

15064, 1985 WL 100, at *1 (S.D.N.Y. Oct. 10, 1985). If petitioner's property remains in police custody, petitioner is free to seek one of these remedies in New York State courts.

### III. CONCLUSION

For the reasons stated above, the application for a writ of habeas corpus is denied, and the petition is dismissed. Petitioner's claim under 42 U.S.C. § 1983 that he was deprived of his personal property in violation of the Due Process Clause is also dismissed. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C.A. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

S/Judge Ross

Allyne R. Ross
United States District Judge

Dated:  July _11_, 2012
        Brooklyn, New York

5

SERVICE LIST:

**Plaintiff:**

Harold Nance
c/o Sandra Lenahan – L.M.S.W.
South Beach Psychiatric Center
777 Seaview Avenue, Building 6
Staten Island, NY, 10305

Harold M Nance
# 12243
Mid-Hudson Psychiatric Center
P.O. Box 158
New Hampton, NY 10958